IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BILLY RAY SANFORD, 06018523,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CV-2158-M |
| ) | ECF |
| **BILL HILL, ET AL.** ) | |
| Defendants. ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I. Parties

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983. He is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*. Defendants are former Dallas District Attorney Bill Hill,[1] Sheriff Lupe Valdez and Dallas County.

### II. Background

Plaintiff is an inmate in the Dallas County Jail. He is currently awaiting trial on two felony charges. He states that Defendant Hill is maliciously prosecuting him for these felonies, and that Sheriff Valdez is detaining him under an unlawful warrant. Plaintiff claims Dallas County has allowed Defendants Hill and Valdez to unlawfully arrest, detain and prosecute him.

---

[1] To the extent that former District Attorney Bill Hill is sued in his official capacity, the current District Attorney, Craig Watkins, is automatically substituted as defendant. *See* Fed. R. Civ. P. 25(d).

**Findings and Conclusions of the**
**United States Magistrate Judge**      Page -1-

He also states that Dallas County has a policy of ignoring his pro se court motions and intentionally extending his jail time.

Plaintiff seeks monetary damages, release from detention and dismissal of the criminal charges.

### III.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

## IV. Discussion

### 1. *Heck v. Humphrey*

Plaintiff claims that Defendants are maliciously prosecuting him, and have illegally incarcerated him. In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claim for damages is clearly connected to the legality of his pending legal charges. A finding in favor of Plaintiff would imply the invalidity of the pending charges. The charges, however, have not been reversed, expunged, or otherwise invalidated. (*See* Magistrate Judge's Questionnaire, Answer No. 2). Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

### 2. Habeas Relief

Plaintiff also seeks release from confinement and dismissal of his criminal charges. This relief, however, is not available under 42 U.S.C. § 1983. Such a request is cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2241, *et seq. See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition

for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

**RECOMMENDATION**

The Court recommends that Plaintiff's claims under 42 U.S.C. § 1983 be dismissed with prejudice until the *Heck* conditions are met.

Signed this 20th day of February, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the
United States Magistrate Judge**          Page -5-